IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 06-cv-02444-REB-CBS
(Criminal Action No. 02-cr-00485-REB)

DENNIS S. HERULA,
    Movant,
v.

UNITED STATES OF AMERICA,
    Respondent.

---

Civil Action No: 06-cv-02445-REB-CBS
(Criminal Action No. 04-cr-00449-REB)

DENNIS S. HERULA,
    Movant,
v.

UNITED STATES OF AMERICA,
    Respondent.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Craig B. Shaffer

    These two actions come before the court on identical motions: (1) the "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" filed on December 6, 2006 by Mr. Herula in his *pro se* capacity in Criminal Action No. 02-CR-00485 (doc. # 278); and (2) the "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" filed on December 6, 2006 by Mr. Herula in his *pro se* capacity in Criminal Action No. 04-CR-00449 (doc. # 27). Pursuant to the "Amended Special Order of Reference" dated September 5, 2008 (doc. # 292 in Civil Action No.

06-cv-02444-REB-CBS) and the "Special Order of Reference" dated September 4, 2008 (doc. # 35 in Civil Action No. 06-cv-02445-REB-CBS), the Motions were referred to the Magistrate Judge. The court has reviewed the Motions, the United States' Responses (filed February 21, 2007 (doc. # 284 in Civil Action No. 06-cv-02444-REB-CBS and doc. # 32 in Civil Action No. 06-cv-02445-REB-CBS)), Mr. Herula's Replies (filed March 16, 2007 (doc. # 286 in Civil Action No. 06-cv-02444-REB-CBS and doc. # 33 in Civil Action No. 06-cv-02445-REB-CBS)), the entire case file, the exhibits, the pertinent parts of the record, and the applicable law, and is sufficiently advised in the premises. The court recommends that the Motions be denied and that these two actions be dismissed with prejudice.

I.   Statement of the Case

On August 25, 2004, a federal grand jury in the District of Colorado charged Mr. Herula and a co-defendant in a second superseding indictment in Criminal Case No. 02-CR-485 with seven counts of fraud by wire (Counts 1-7) in violation of 18 U.S.C. § 1343 and § 2 and eight counts of engaging in monetary transactions in criminally derived property (Counts 8-15) in violation of 18 U.S.C. § 1957 and § 2. (*See* 02-CR-00485, doc. # 155). The indictment also contained a forfeiture count (Count 16). (*See id.*).

On October 26, 2004, Mr. Herula pled guilty to Counts 1-7 of the second superseding indictment, pursuant to a Plea Agreement with the Government under Fed. R. Crim. P. 11(c)(1)(B). (*See* 02-CR-00485, doc. # 172 (Plea Agreement), # 174 ("Change of Plea Minutes")). In exchange for Mr. Herula's: (a) guilty plea; (b)

abandonment of his rights to the property for which the Government was seeking forfeiture; (c) agreement to meet with prosecutors and government agents to give them a complete and truthful statement about the events giving rise to the charges against him, and (d) agreement to pay restitution to the victims of his crimes, the Government agreed in the plea agreement: (a) to recommend that Mr. Herula be sentenced "at the bottom of the applicable guideline range as determined by the Court"; (b) "to move to dismiss all remaining counts" against Mr. Herula; and (c) in the event Mr. Herula elected to have similar fraud charges, which were expected to be filed in the District of Rhode Island, transferred to the District of Colorado for guilty plea and sentencing pursuant to Fed. R. Crim. P. 20, to "not oppose his request to be sentenced in that case concurrently with any sentence imposed" in 02-CR-485. (*See* 02-CR-00485, doc. # 172 at pp. 2-3). Additionally, the parties agreed that Mr. Herula's sentence would be determined by application of the United States Sentencing Guidelines, with all relevant findings of fact made by the District Court by a preponderance of the evidence, and that neither party would seek a departure from the tentative calculation of the applicable guideline range as set forth in the Plea Agreement. (*See id.* at p. 2). The parties estimated Mr. Herula's offense level to be 31, and his criminal history category to be III, resulting in an estimated guideline range of 135 to 168 months. (*See id.* at pp. 15-16).

Meanwhile, on October 22, 2004, felony charges set forth against Mr. Herula in an information filed in the District of Rhode Island were transferred to the District of Colorado for plea and sentencing pursuant to Rule 20, were docketed as Criminal Case No. 04-CR-449, and were assigned, as a related case, to the same District Judge as Case No. 02-CR-485. (*See* Criminal Case No. 04-CR-449, docs. # 1, # 4). In the case

transferred from Rhode Island, Mr. Herula was charged with: one count of fraud by wire (Count 1) in violation of 18 U.S.C. § 1343; one count of money laundering (Count 2) in violation of 18 U.S.C. § 1956(a)(1)(B)(I) and § 2; and one count of bankruptcy fraud (Count 3) in violation of 18 U.S.C. § 152(1) and § 2.  (*See id.*, doc. #2).  On November 4, 2004, Mr. Herula pleaded guilty to all three counts in 04-CR-449 pursuant to a Plea Agreement under Rule 11(c)(1)(B).  (*See* 04-CR-449, docs. # 7 (Plea Agreement)).  In the Plea Agreement, Mr. Herula agreed that the court could impose the maximum term of imprisonment supported by the facts relevant to his case.  (*See* 04-CR-449, doc. # 7 at p. 3).  As in the Plea Agreement in Criminal Case 02-CR-485, Mr. Herula: (a) agreed to have the court find, by a preponderance of the evidence, the facts upon which his sentence would be based; (b) agreed to meet with prosecutors and government agents prior to the entry of his guilty plea to give them a complete and truthful statement about the events leading to the charges against him; and (c) agreed to pay restitution in the amount of $13,374,065.70 to the victims of his crimes.  (*See* 04-CR-449, doc. # 7 at pp. 2-3).  The Government agreed: (a) to recommend that Mr. Herula receive a reduction in his offense level pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility; (b) to recommend a sentence of 121 months; and (c) to not oppose a request by Mr. Herula that the sentence imposed in this case be served concurrently with that imposed in Criminal Case No. 02-CR-485.  (*See id.* at pp. 3-4).

On February 11, 2005, after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the District Court conducted a consolidated sentencing proceeding in Criminal Case Nos. 02-CR-485 and 04-CR-449.  (*See* 02-CR-485, doc. # 210 (Minutes of sentencing hearing).  A Presentence Investigation Report (PSR) was

prepared addressing both cases. *United States v. Herula*, 464 F.3d 1132 (10th Cir. 2006). The PSR

> grouped Herula's three Rhode Island counts with the seven Colorado counts as "multiple counts" pursuant to Application Note 1 of USSG § 5G1.2 and the grouping rules in Chapter 3, Part D. This resulted in a total offense level of 35 after a three point reduction for acceptance of responsibility, compared with an offensive level of 31 under the separate plea agreements. In light of Herula's criminal history category of II, the PSR recommended a guideline range of 188 to 235 months imprisonment.

*United States v. Herula*, 464 F.3d 1132, 1135 (10th Cir. 2006). Mr. Herula disputed the grouping of counts from both cases together pursuant to U.S.S.G. §§ 5G1.2 and 3D1.2(d), "arguing the cases were not consolidated for sentencing purposes thus rendering § 5G1.2 inapplicable." *Id.* "He also argued application of § 5G1.2 was unfair because neither party anticipated it." *Id.* The District Court treated the counts of conviction in 04-CR-449 as additional counts to be grouped with those in 02-CR-485, pursuant to the 2002 version of the Guidelines, which was in effect when the latest crimes were committed. (*See* 02-CR-485, doc. # 278 (Transcript of sentencing hearing)). The District Court found Mr. Herula's total offense level to be 35 and his criminal history category to be II, resulting in an advisory guideline range of 188 to 235 months. The District Court imposed a sentence of 188 months imprisonment in 02-CR-485 and 188 months in 04-CR-449 and ordered that both sentences be served concurrently, for a total sentence of 188 months of imprisonment. (*See* 02-CR-485, doc. # 210; *see also* doc. # 211 (Judgment entered February 17, 2005); 04-CR-449, doc. # 15 (Judgment entered February 17, 2005)). Additionally, the District Court stated that, even if the Guidelines had not been considered, the "sentence would be the same, if not

greater, under its independent analysis under 18 U.S.C. § 3553(a)." *United States v. Herula*, 464 F.3d at 1132.  (*See also* 02-CR-485, doc. # 278).

Mr. Herula filed direct appeals in both cases and his motion that the appeals be consolidated was granted.  *See United States v. Herula*, 464 F.3d at 1132.  Mr. Herula argued on appeal that "the district court erred by computing a consolidated sentencing guideline range and the sentence imposed was unreasonable because it was in excess of the range contemplated in the plea agreements."  *See id.*  Mr. Herula also argued that "the advisory application of the guidelines after *Booker*, in a case premised on guilty pleas entered before *Booker*, violates the Ex Post Facto Clause of the United States Constitution."  *See id.*  The United States Court of Appeals for the Tenth Circuit affirmed the judgment of the District Court on September 21, 2006.  *See id.*  Mr. Herula did not petition the United States Supreme Court for *certiorari*;  thus, the judgment of the District Court became final on December 20, 2006.[1]

In the meantime, on December 6, 2006, Mr. Herula filed motions pursuant to 28 U.S.C. § 2255 to vacate the judgment of the District Court on the ground that he received ineffective assistance of counsel from his attorney, H. Michael Steinberg, in violation of his Sixth Amendment right to counsel.  (*See* 02-CR-485, doc. # 278; 04-CR-449, doc. # 27).  More specifically, Mr. Herula argues that "counsel's ineffectiveness is not understanding the grouping provisions of the guidelines and his failure to adequately

---

[1] Respondent does not contest that Mr. Herula's Motion was timely filed. *See United States v. Burch*, 202 F.3d 1274, 1276 (10th Cir. 2000) (one-year time limitation for filing a § 2255 petition begins to run on the later of the expiration of the time for filing a petition for certiorari with Supreme Court or the Supreme Court's final disposition of petition).

6

protect the intent of the plea agreements in the drafting of the agreements, has resulted in a sentence not bargained for or contemplated by Petitioner." (*See* 02-CR-485, doc. # 278 at p. 6 of 62; 04-CR-449, doc. # 27 at p. 6 of 62). Mr. Herula asks "that the Petitioner's sentence be vacated, and that he be resentenced in accordance with the intent of the parties." (*See id.* at p. 9 of 62).

II.    Analysis

A.    Standard of Review for Ineffective Assistance of Counsel

To prevail on his claims of ineffective assistance of counsel, Mr. Herula must show: (1) his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's performance prejudiced him in that, there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).  "The standard for attorney performance is that of reasonably effective assistance."  *Strickland*, 466 U.S. at 687. Accordingly, to succeed on a claim of ineffectiveness of counsel, "[a] defendant must show that counsel's representation fell below an objective standard of reasonableness," that is, "reasonableness under prevailing professional norms."  *Id.* at 688.  *See also Barkell v. Crouse*, 468 F.3d 684, 689 (10th Cir. 2006) (counsel's performance "must have been completely unreasonable, not merely wrong") (internal quotation marks and citation omitted).  This review of counsel's performance is "highly deferential." *Strickland*, 466 U.S. at 689.

In reviewing a claim of ineffective assistance "a court need not determine

whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id. See also United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (a claim of ineffective assistance of counsel "may be resolved on either performance or prejudice grounds alone.").

Mr. Herula has the burden of overcoming the strong presumption that counsel provided effective assistance. *United States v. Blackwell*, 127 F.3d 947, 955 (10th Cir. 1997) (citing to *Strickland*, 466 U.S. at 689). In order to meet his burden of demonstrating entitlement to relief under § 2255, Mr. Herula must provide factual support for his allegations; conclusory allegations are not sufficient. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

When, as here, a defendant's conviction results from a guilty plea, "the test for prejudice is whether he can show that he would not have pled guilty had his attorney performed in a constitutionally adequate manner." *Miller v. Champion*, 262 F.3d 1066, 1068-69 (10th Cir. 2001); *see also Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985) (no circumstances alleged to support conclusion that petitioner would have pleaded not guilty and insisted on going to trial). The Tenth Circuit has held that "a petitioner's 'mere allegation' that he would have insisted on trial but for his trial counsel's errors, although necessary, is ultimately insufficient to entitle him to relief." *Miller*, 262 F.3d at 1072 (quoting *United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993)). Therefore, although Mr. Herula need not show he would have prevailed at trial, "the assessment of whether he would have changed his plea depends in large part on a prediction of

whether the outcome of the district court proceedings would have been different if his counsel had not committed the alleged errors."  *United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002).

B.      Counsel's Performance Was Not Objectively Unreasonable

Mr. Herula argues that the failure of his counsel to recognize the applicability of the grouping provisions of USSG § 5G1.2 in calculating the estimated applicable advisory guideline range constituted ineffective assistance.  Mr. Herula points to a statement made by his counsel at the sentencing hearing:

> Judge, in the final analysis, I, as a practitioner of only criminal defense law in my entire life, and in large part a criminal prosecutor in Arapahoe County, have never really been totally comfortable with the federal sentencing guidelines. I am not sure at times, Judge, I had the capacity to understand them. I tried the best I could in my letter to the probation department to express my interpretation of the grouping provisions and the effect of 5G1.2's commentary to the section dealing with concurrent sentencing.

(*See* 02-CR-485, doc. # 278 at pp. 6-7, 29-30 of 62).

Prior to the entry of his guilty plea, Mr. Herula agreed that his sentence would be "determined by application of the Sentencing Guidelines."  (*See* Plea Agreements (doc. # 172 in 02-CR-485 at p. 2, doc. # 7 in 04-CR-449 at p. 2)).  The District Court approved the Plea Agreements pending the consideration of the pre-sentence report that was to be prepared by the Probation Department.  (*See* Minutes of Change of Plea Hearings (doc. # 172 in 02-CR-485, doc. # 9 in 04-CR-449).  Mr. Herula's counsel presented his arguments to the Probation Department and to the court regarding his interpretation of the grouping of the counts as "multiple counts" for purposes of USSG § 5G1.2.

9

The Tenth Circuit has determined that "because Mr. Herula was sentenced within a properly calculated guideline range, his sentence is afforded a presumption of reasonableness" and that "the expectations of the parties that a different sentencing calculation would prevail are not sufficient to overcome this presumption." *See United States v. Herula*, 464 F.3d at 1137. Mr. Herula's "assertion that the parties stipulated a particular guideline range would be applied by the district court is not borne out by the record." *Id.* at 1137. "The government merely agreed that it anticipated a particular guideline range would be used and committed itself to recommend a particular sentence, which it did." *Id.* at 1137-38. "Rule 11(c)(1)(B) makes clear that the district court is not bound by a recommendation by the government as to a particular sentence or sentencing range." *Id.* at 1138.

Counsel's interpretation and arguments regarding § 5G1.2 did not place his representation of Mr. Herula outside the "wide range of reasonable professional assistance," particularly in light of "the labyrinth that is the sentencing guidelines' grouping rules" and that the application of § 5G1.2 was not addressed in a published opinion by the Tenth Circuit until Mr. Herula's direct appeal was decided. *United States v. Herula*, 464 F.3d at 1136-37. "A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d at 1570-71 (citations omitted).

Nor was counsel's advice to Mr. Herula to transfer the Rhode Island case to the District of Colorado for guilty plea and sentencing pursuant to Rule 20 objectively unreasonable despite the unanticipated application of the grouping provisions of §

10

5G1.2. The Tenth Circuit observed that Mr. Herula benefitted by the transfer of the Rhode Island case to Colorado for guilty plea and sentencing.

> Ironically, if we were to adopt Herula's arguments and allow him to be resentenced separately on the Colorado indictment and Rhode Island information, it seems probable his sentence would be higher. Although his recommended range would be lower, the district court would be free to impose consecutive rather than concurrent sentences on remand. See 18 U.S.C. § 3584(a); USSG § 5G1.3(a). The government's recommendation for concurrent sentences would not be binding on the district court. Thus, although Herula's sentencing range was higher than anticipated, he still benefitted from having both cases grouped as multiple counts.

*United States v. Herula*, 464 F.3d at 1138 n.7. Mr. Herula accepted the considerable benefits of the plea agreement his counsel negotiated on his behalf. Counsel's advice to transfer the Rhode Island case to Colorado under Rule 20 was sound strategy that was well within "the wide range of reasonable professional assistance."

In failing to show that counsel's failure to predict the grouping of the counts as "multiple counts" for purposes of USSG § 5G1.2 constituted ineffective assistance of counsel, Mr. Herula has failed to meet the first prong of *Strickland*, that counsel's representation fell below an objective standard of reasonableness.

C.     Mr. Herula Suffered No Prejudice

Mr. Herula seeks only to vacate the sentence imposed on him and to be resentenced "in accordance with the intent of the parties." (*See* 02-CR-485, doc. # 278 at p. 9 of 62). Mr. Herula does not seek to withdraw his guilty pleas in either the Colorado case or the case from Rhode Island, nor does he seek to reverse the Rule 20

transfer of the Rhode Island case.[2]

> Mr. Herula's Plea Agreement in the Colorado case
>
> specifically notified him that "the Court may impose any sentence, up to
> the statutory maximum, regardless of any guideline range computed, and
> the Court is not bound by any position or recommendation of the parties."

*United States v. Herula*, 464 F.3d at 1137 (quoting 02-CR-485, doc. # 172 at p. 14).

"The Court is free, . . . to reach its own findings of facts and sentencing factors considering the parties' stipulations, the presentence investigation, and any other relevant information." (02-CR-485, doc. # 172 at pp. 14-15). "[T]he estimated offense level of 31 could conceivably result in a range from 108 months . . . to 235 months . . . ." *See id*. at p. 16). "The sentence would be limited, in any case, by the statutory maximum." (*See id*. at p. 16). *See also id*. at pp. 4-5 (acknowledging maximum statutory penalty of up to 240 months imprisonment). Likewise,

> [t]he Rhode Island plea agreement similarly provided that "the Court may
> impose any sentence, up to the statutory maximum, regardless of any
> guideline range computed, and that the Court is not bound by any position
> of the parties."

*Id*. at n. 5 (quoting 04-CR-449, doc. # 3 at p. 17). Mr. Herula pled guilty even after being so informed by the court. Thus, in agreeing to plead guilty to both cases in the District of Colorado, Mr. Herula could not have been relying solely on his counsel's estimation of the applicable advisory guideline range and cannot therefore demonstrate that he was prejudiced by his counsel's error in estimating the applicable advisory guideline range. *See Doganiere v. United States*, 914 F.2d 165, 168 (10th Cir. 1990)

---

[2] If the sentence in 04-CR-449 were to be vacated and Mr. Herula to withdraw his guilty plea, that case would necessarily be returned to District of Rhode Island for further proceedings. See Fed. R. Crim. P. 20.

(attorney's inaccurate prediction of sentence does not result in prejudice where court explained that the discretion as to what sentence would be remained entirely with the court).  Mr. Herula has failed to establish that he suffered prejudice from counsel's sentence prediction.

Mr. Herula also appears to argue that he was prejudiced by the failure of his counsel to negotiate plea agreements with the Government under Rule 11(c)(1)(C) whereby the District Court would have been obliged to impose a sentence based on the guideline range estimated by the parties.  Mr. Herula points to the opinion of the Tenth Circuit noting that, if he had intended to ensure that the guideline range estimated by the parties would determine the sentence imposed by the District Court, he should have negotiated a plea agreement under Fed. R. Crim. P. 11(c)(1)(C).

> Rule 11(c)(1)(B) makes clear that the district court is not bound by a recommendation by the government as to a particular sentence or sentencing range. If Herula wanted to ensure a certain sentencing outcome in exchange for his guilty plea, he should have negotiated a firm agreement to a specific sentence or range.

(*See* 02-CR-482, doc. # 278 at p. 6 of 62 (quoting *Herula*, 464 F.3d at 1138 (citing Fed. R. Crim. P. 11(c)(1)(C))).  The implication that counsel's performance was constitutionally deficient in not negotiating a plea agreement under Rule 11(c)(1)(C) and that Mr. Herula was somehow prejudiced by that alleged failure is based on no more than speculation.  Mr. Herula points to nothing in the record to support the supposition that the Government would have agreed to enter into a plea agreement with him under Rule 11(c)(1)(C) or that the District Court would have accepted such a plea agreement had one been tendered.  To the contrary, the record shows that the Government would not have agreed to a stipulated sentence under Rule 11(c)(1)(C) in either case.  (*See*

Affidavit of Assistant United States Attorney Linda Kaufman, 02-CR-485, doc. # 284-2). Mr. Herula's implication that his counsel's conduct fell below an objective standard of reasonableness for negotiating a non-binding plea agreement pursuant to 11(c)(1)B) rather than a binding plea agreement pursuant to Rule 11(c)(1)(C) is meritless.

Mr. Herula has not alleged or demonstrated that, but for the error of his counsel in estimating the applicable advisory guideline sentence, he would not have pled guilty. Nor does he allege or demonstrate that he would not have moved to transfer the Rhode Island case to Colorado pursuant to Rule 20. Mr. Herula has not shown a reasonable probability that but for counsel's alleged misunderstanding of the guidelines grouping calculations, the result of the plea proceedings would have been different. In failing to show that he suffered any prejudice from the alleged error of his counsel in estimating the applicable advisory guideline range, Mr. Herula has failed to meet the second prong of the *Strickland* standard.

Mr. Herula having failed to meet either prong of the *Strickland* standard,

IT IS RECOMMENDED that:

1. The "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" filed on December 6, 2006 in Criminal Action No. 02-CR-00485 (doc. # 278) be DENIED and Civil Action No. 06-cv–2444-REB-CBS be DISMISSED with prejudice.

2. The "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255" filed on December 6, 2006 in Criminal Action No. 04-CR-00449 (doc. # 27) be DENIED and Civil Action No. 06-cv–2445-REB-CBS be DISMISSED with prejudice.

**Advisement to the Parties**

Within *fourteen days* after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122

(10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 2nd day of February, 2010.

BY THE COURT:


 s/Craig B. Shaffer
United States Magistrate Judge